June Lee VINCENT, Committee for Jessie Sherman Rollins, Appellant,

v.

Peter D. CONN, Secretary of the Department for Human Resources, Appellee.

Court of Appeals of Kentucky.

Dec. 21, 1979.

Stuart N. Pearlman, Louisville, for appellant.

Forest Smith, Marvin R. O'Koon, Gen. Counsel, Dept. for Human Resources, Frankfort, for appellee.

Before COOPER, LESTER and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from an order of the Jefferson Circuit Court affirming the decision of the Bureau for Social Insurance of the Department for Human Resources that the appellant, June Lee Vincent, was not entitled to payment of "caretaker benefits" for care furnished by Mrs. Vincent to her mother who is a "needy aged" and a "needy permanently and totally disabled" person living in Mrs. Vincent's home. *See* KRS 205.010(6), .010(9). "Caretaker benefits" are included within the supplementary payments provided for by KRS 205.245 to needy aged and disabled, and it is undisputed that such benefits would otherwise be paid in behalf of Mrs. Vincent's mother except for the fact that she lives with her daughter. The policy of the Bureau for Social Insurance as expressed in Section 4909 of its manual of operations is to provide for caretaker services for an individual living in the home of a "responsible relative" only if it is necessary to hire someone to come into the home to provide care. On the other hand, the policy permits caretaker benefits to be paid to a "responsible relative" who lives separately from the needy person but comes into that person's home to provide services.

Mrs. Vincent contends that the policy of the Bureau expressed in Section 4909 of its operations manual is void because the Bureau has no statutory authority to set such a policy, that it violates constitutional guarantees of equal protection under the laws, and that the policy amounts to a regulation which was not promulgated according to the requirements of KRS Chapter 13.

KRS 205.210(2)(c) provides that in determining the amount of any public as-

sistance to be granted to a recipient the resources available to the recipient shall be deemed to include "[s]uch income and resources as may be available to applicants or recipients from persons legally liable for their support." KRS 530.050(3)[1] in turn sets out the public policy that an adult child has a duty to support a parent who because of age or infirmity is unable to support himself. These provisions form an ample statutory basis for adoption of the policy found in Section 4909 or a similar policy.

█ We find nothing in this policy as it has been interpreted by those charged with its enforcement which could be said to amount to an invidious discrimination in violation of the equal protection requirements of the Federal Constitution or the Constitution of this Commonwealth. Although we may doubt the wisdom of a policy which makes benefits available to an adult child who visits the home of a needy parent to care for the parent but denies those same benefits to a child who takes the needy parent into her home, we can perceive some rational basis for that policy, and we do not believe it can be said to violate equal protection guarantees. *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

█ We do find merit, however, in the appellant's argument that Section 4909 amounts to a regulation and that it was not promulgated as required by statute. The definition of regulation is contained in KRS 13.080, which provides in relevant part:

(3) "Regulation" means each statement of general applicability issued by an administrative body that implements, interprets, or prescribes law or policy, or describes the organization procedure, or practice requirements of any administrative body. The term includes the amendment or repeal of a prior regulation, but does not include:

(a) Statements concerning only the internal management of an administrative body and not affecting private rights or procedures available to the public . . .

Section 4909 of the manual is plainly a statement of general applicability implementing or interpreting KRS 205.210(2)(c), and it plainly affects private rights. No statute or statutorily adopted regulation of the Bureau for Social Insurance specifically requires that caretaker benefits be denied in a case such as this (although, as we have observed, a regulation to that effect would seem to be permissible). It is evident from the record that the sole basis for denial of the benefits here was Section 4909 and not a weighing of the need of and resources available to the appellant's mother including resources available from the appellant. Inasmuch as Section 4909 was not promulgated as required by KRS 13.085 *et seq.,* it has no effect, KRS 13.085(1), and therefore cannot be used as an independent basis for denying benefits.

The order of the Jefferson Circuit Court is reversed.

COOPER, J., concurs.

LESTER, J., concurs by a separate opinion.

LESTER, Judge, concurring.

The purpose of this separate opinion is not only to agree with my colleagues in their expression of doubt as to the wisdom of treating differently adult children who provide a home for a needy parent based upon permanency (or lack thereof) of residence, but to express my view that the policy of the appellee is absolutely wrong in spite of *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). This last cited authority is one of the few wherein the federal courts have not seen fit to inject themselves into the affairs of state and local governments.

---

1. A prior support statute, KRS 405.080, was repealed by the legislation enacting KRS 530.-050. *See* Ch. 406, § 336, 1974 Ky.Acts 831, 889.